UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HON. PAULINE NEWMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>HON. KIMBERLY A. MOORE, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01334-CRC |

**JOINT STATEMENT ON SUGGESTION OF MEDIATION**

On July 6, 2023, the Court held a status conference with attorneys for the parties. The Court requested that by July 7, 2023, the parties file a notice responding to the Court's mediation proposal.

The parties appreciate the Court's suggestion and are willing mediate expeditiously without concurrent motions practice. The parties prefer that the mediation involve informal procedures that will allow the mediation to move quickly, with mediation submissions (if any) or a first mediation date as early as the week of July 17. If such an informal arrangement is possible, the parties respectfully request that the Court hold the parties' joint proposed briefing schedule (ECF No. 14) in abeyance; the parties would then file a joint status report within two days of the mediation's conclusion. If such an informal arrangement is not possible, the parties state as follows:

<u>Plaintiff's position</u>

Plaintiff agrees to and welcomes the opportunity to mediate this dispute with the mediator previously suggested by the Court, provided that the proposed briefing schedule, *see* ECF 14, is not delayed by longer than two weeks, or in the alternative, absent a briefing

1

schedule, that Judge Newman is restored to the argument calendar no later than the October term of the Federal Circuit.

<u>Defendants' position</u>

Defendants appreciate the Court's offer to refer this matter to mediation in lieu of litigating Plaintiff's preliminary-injunction motion. But Defendants are unable to agree to either of the conditions demanded by Plaintiff. With respect to the briefing schedule, Defendants believe that mediation should be pursued only as an alternative to litigating Plaintiff's preliminary-injunction motion. Proceeding to litigate (and potentially decide) that motion while also pursuing mediation would be an inefficient and duplicative use of the parties', the Court's, and the mediator's time and resources. Defendants are willing to pursue mediation if further proceedings in this Court are held in abeyance during the pendency of those mediation efforts, but otherwise object to mediation.

DATED: July 7, 2023

Respectfully submitted,

*/s/ Gregory Dolin*
GREGORY DOLIN, MD
(DC Bar No. 497455)
Senior Litigation Counsel

*/s/ John J. Vecchione*
JOHN J. VECCHIONE (DC Bar No. 431764)
Senior Litigation Counsel

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
greg.dolin@ncla.legal

*Attorneys for Plaintiff*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Director, Federal Programs Branch

*/s/ Stephen Ehrlich*
STEPHEN EHRLICH
M. ANDREW ZEE
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Attorneys for Defendants*