```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


    PAULINE NEWMAN,
                                          Civil Action
             Plaintiff,                   No. 1:23-cv-1334

         vs.                              Washington, DC
                                          July 6, 2023
    KIMBERLY A. MOORE, et al.,
                                          2:03 p.m.
             Defendants.
    _____/


             TRANSCRIPT OF VIDEO STATUS CONFERENCE
         BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                  UNITED STATES DISTRICT JUDGE


    APPEARANCES:

    For the Plaintiff:      GREGORY DOLIN
                            JOHN VECCHIONE
                              New Civil Liberties Alliance
                              1225 19th Street, NW, Suite 450
                              Washington, DC 20036


    For the Defendants:     STEPHEN EHRLICH
                              DOJ-Civil Division, FPB
                              970 Broad Street, 7th Floor
                              Newark, NJ 07102

                            ANDREW ZEE
                              DOJ-Civil Division, FPB
                              450 Golden Gate Avenue
                              San Francisco, CA 94102



    Court Reporter:         JEFF HOOK
                              Official Court Reporter
                              U.S. District & Bankruptcy Courts
                              333 Constitution Avenue, NW
                              Room 4700-C
                              Washington, DC 20001
```

**P R O C E E D I N G S**

**DEPUTY CLERK:** Your Honor, we're on the record with civil case 23-1334, the Honorable Pauline Newman vs. the Honorable Kimberly A. Moore, et al.  Counsel, please identify yourselves for the record, starting with the plaintiffs.

**MR. DOLIN:** Gregory Dolin with the New Civil Liberties Alliance for the plaintiff.

**MR. VECCHIONE:** John Vecchione, also for the plaintiffs.

**MR. EHRLICH:** Stephen Ehrlich from the Department of Justice on behalf of defendants.

**MR. ZEE:** And Andrew Zee, also from the Department of Justice, on behalf of the defendants.

**THE COURT:** Good afternoon, gentlemen, and thank you for calling in.  I would have preferred to do this in-person, but I understand that government counsel are both out of town.  I know, Mr. Zee, you're in San Francisco.

Mr. Ehrlich, where are you located these days?

**MR. EHRLICH:** I'm in New Jersey, Your Honor.  We certainly appreciate the Zoom, but of course are happy to come into the Court the next time.

**THE COURT:** All right.  Just as a preliminary matter, I just want to put on the record that I am acquainted with Judge Dyk on the Federal Circuit, have been

**1**  to his home on two or three occasions for a large holiday
**2**  party.  I'm also an acquaintance of Judge Bryson.  We worked
**3**  at the same law firm previously, although we did not
**4**  overlap.  Judge Bryson is a senior judge, so I don't believe
**5**  that he is on the Judicial Council in any event, so he would
**6**  not be a party if that's correct.  But with respect to both,
**7**  I don't believe there is any grounds for a recusal.  But it
**8**  is my general practice to put those sorts of relationships
**9**  on the record so that either side can respond as they see
**10** fit.

**11**         So with that, I have read the complaint and the PI
**12** motion that came in last week, and at least a selection of
**13** the exhibits.  I also received the briefing schedule that
**14** you folks have proposed.  I'm prepared to enter the
**15** schedule, but before I do so, I thought it made sense to
**16** convene everyone and for me to offer at least a few
**17** observations.

**18**         Let me just start by asking whether there have
**19** been any developments since the filing of the PI motion or
**20** are you at the same impasse now as you were then?

**21**         **MR. DOLIN:**  Judge, this is Greg Dolin.  So
**22** yesterday at 3:00 p.m., pursuant to an order from the
**23** special committee as to whether or not Judge Newman did or
**24** did not cooperate, and whether or not if she didn't, she had
**25** good cause for doing so, we filed a letter of brief with the

**1**  Federal Circuit that was received and acknowledged by the
**2**  Federal Circuit.  And oral argument on that issue is
**3**  scheduled for about a week from I guess yesterday, so for --
**4**  no, a week from today, so July 13th.
**5**  Additionally, on June, I believe, 15th, pursuant
**6**  to our request, the special committee issued an order
**7**  clarifying the scope of this hearing.  And they clarified
**8**  that while all of the accusations against Judge Newman
**9**  remain pending and have not been terminated, the hearing
**10**  will only focus on the alleged failure to cooperate.  So
**11**  those two developments happened I think since the filing of
**12**  the first amended complaint.  There have not been any
**13**  additional I guess substantive orders entered in the Federal
**14**  Circuit.
**15**  **THE COURT:**  And is there any chance that the
**16**  resolution of that hearing will affect the need for you to
**17**  pursue the preliminary injunction motion before me?
**18**  **MR. DOLIN:**  To be honest, Your Honor, I seriously
**19**  doubt it.  It's been our -- we've attempted on numerous
**20**  occasions to convince the special committee to both restore
**21**  Judge Newman to the calendar as well as to transfer the
**22**  matter to a different circuit.  We have been unsuccessful in
**23**  that, and I doubt that that will change.  But it certainly
**24**  is possible that upon the hearing, the committee will
**25**  recommend something like a reprimand or anything else short

| | |
|---|---|
| 1 | of suspension and restore Judge Newman to calendar, and that |
| 2 | will be the end of that.  But I doubt that that would |
| 3 | happen. |
| 4 | **THE COURT:**  Mr. Zee, Mr. Ehrlich, anything to add? |
| 5 | **MR. EHRLICH:**  I don't think so, Your Honor.  I |
| 6 | think what Mr. Dolin said is all right.  I think one thing I |
| 7 | would note is that the special committee -- and obviously |
| 8 | they don't have a timeline for when they rule on the various |
| 9 | submissions, but then it would go to the Judicial Council of |
| 10 | the Federal Circuit.  My understanding is that Judge Newman |
| 11 | and her counsel would have 21 days to respond.  Depending on |
| 12 | how those -- how quickly those things happen, we could end |
| 13 | up with a situation where Your Honor is looking to decide |
| 14 | the preliminary injunction issues around the same time that |
| 15 | the Judicial Council is deciding the sort of same issues. |
| 16 | So it may end up superseded, it may not.  It may be mooted |
| 17 | if the special committee or the Judicial Council go the |
| 18 | other way.  So I just wanted Your Honor to be aware of that. |
| 19 | **THE COURT:**  Well, that's all very helpful.  So |
| 20 | just a few observations.  My first reaction when I received |
| 21 | the lawsuit -- which has only been confirmed since the PI |
| 22 | motion, is that this case really cries out for some type of |
| 23 | mediation.  Courts are like families, sometimes they are |
| 24 | dysfunctional, but they are families nonetheless.  And like |
| 25 | any family, disagreements can become personal, emotions can |

1  run high.  And that is especially so in this dispute, which
2  is obviously of great sensitivity as well as importance to
3  both the Federal Circuit bar and the public and the courts
4  more generally.

5  I realize the complaint raises a number of sort of
6  pure, substantive law issues.  But it also strikes me that
7  the crux of the complaint -- or the dispute really involves
8  what procedures should be applied to the complaint process.
9  For instance, what medical records are relevant to the
10 disability question; who should conduct the medical
11 evaluation and testing, the doctors identified by the
12 circuit or by the Judicial Council or the committee or Judge
13 Newman's own doctors -- and I would note that those two
14 things are not necessarily mutually exclusive.  You know,
15 what should Judge Newman's duties entail while the complaint
16 is pending so that her due process rights are appropriately
17 balanced with the need to promote the proper administration
18 of justice and confidence of the litigants that come before
19 her; how fast all of this should happen; and ultimately
20 whether the complaint should be decided by the Judicial
21 Council in another circuit, and if so, when should any
22 transfer recommendation be made to the Chief Justice.  So
23 those are all process questions.

24 I know that there's been a fair amount of written
25 back and forth on all of those questions.  It sounds like

**1**  this hearing may touch on some of those issues soon.  But

**2**  what's not clear to me is whether you folks, or any of the

**3**  principals, have actually sat down with each other to try to

**4**  find some common ground that might advance the ball without

**5**  the need for litigation in this court -- or at least the

**6**  need for a preliminary injunction proceeding at this stage.

**7**  Or alternatively, is there any will to do that.  And if

**8**  there is, would you consider bringing in an appropriate

**9**  neutral to help facilitate those discussions, and also

**10** perhaps give you a neutral read on some of the legal issues

**11** that you've presented before me.

**12**           So let me just pause there and get your reaction

**13** before I continue.

**14**           **MR. DOLIN:**  I guess I can go first, Your Honor.

**15**           **THE COURT:**  You know, you obviously may want to

**16** discuss this with your clients.  But just generally

**17** speaking, has there been any efforts or thoughts or

**18** considerations to what I've just laid out?

**19**           **MR. DOLIN:**  Thank you, Your Honor, for that.  That

**20** actually was about to be the first words out of my mouth,

**21** that we would have to consult with our clients.  That having

**22** been said -- and I believe we've attached one of these

**23** letters to our complaint, we certainly have offered to the

**24** Federal Circuit opportunities to compromise on this.  Judge

**25** Newman, for example, has offered to sit for an interview and

1    meet with properly designated medical professionals once
2    this matter gets transferred.
3          So we are -- we certainly -- Judge Newman has not
4    taken a position, but under no circumstances, in no
5    conceivable set of events will she ever agree to any
6    discipline proceedings.  She's taken the position that this
7    is an inappropriate forum, in part because I think Your
8    Honor is exactly right, that although -- and as a former
9    clerk in the Federal Circuit, I can say that judges
10   generally work well with each other and respect each other.
11   But nevertheless it is a family, and like with every family,
12   they do have disputes, and that this has gotten a bit
13   personal.
14         So I think we'd be more than happy to explore
15   that -- you know, call it what you will, compromise or
16   resolution if this gets to any other circuit designated by
17   the Chief Justice, whether it's the D.C. Circuit or Second
18   Circuit or wherever else.  I think that can be resolved
19   fairly quickly once that transfer happens.  I don't know --
20   and I'll let the government speak for its client, but I
21   don't know that at least so far the Judicial Council has
22   shown any willingness to do that.
23         **THE COURT:**  Well, I don't want to get into the
24   weeds on your sort of pre-litigation position -- or at least
25   your preliminary injunction positions.  But in reading the

**1** back and forth, I mean, you seem to have laid that out as a
**2** bottom line, nothing happens until a transfer, all right.
**3** And if that will remain the position, I'm not sure what
**4** purchase there would be in some additional discussions,
**5** including amongst the principals.  But let me let
**6** Mr. Ehrlich speak.
**7**     **MR. EHRLICH:**  I think Your Honor sort of hit the
**8** nail on the head with that.  I think the special committee
**9** has ruled on transfer.  Obviously these concerns were raised
**10** with them, and they issued a reasoned opinion about
**11** transfer, denying the transfer.  I seem to always bring
**12** these things to my client.  I think this has been the issue,
**13** sort of Judge Newman's unwillingness to do anything absent
**14** the transfer, without the transfer -- which as far as I
**15** know, the special committee and Chief Judge Moore are
**16** unwilling to do at this time.  I think we're -- I don't know
**17** how productive that would be.  Of course, I can always talk
**18** to the clients as well.
**19**     **THE COURT:**  Well, being the optimist, in advance
**20** of this call, I have reached out to someone who I think
**21** would be an ideal person to help you all in the event that
**22** there's any possibility of a resolution short of continued
**23** litigation in this Court.  The person is a former Article
**24** III judge, and I will provide you the name.  Once you get
**25** it, I would ask that you speak with your clients and let us

**1**   know.  My general approach is not to compel anyone to try to
**2**   arbitrate or resolve a dispute if they're not willing; it
**3**   takes two to tango.  But what I'd like for you to do is to
**4**   consider the Court's views and to speak with your clients,
**5**   and let me know within, say, two days whether we need to
**6**   continue with the PI briefing.  And if the answer is we do,
**7**   I will enter the schedule that you all have proposed, and we
**8**   will tee up the issues and decide them.
**9**           Fair enough?
**10**          **MR. EHRLICH:**  That's fair enough, Your Honor.
**11**          **MR. DOLIN:**  Absolutely, I'm happy to speak to my
**12**  client later today.
**13**          **THE COURT:**  Okay.  Is there anything else?
**14**  There's nothing else on my list.  And we will also -- if we
**15**  do enter the briefing schedule, we'll grant the motions to
**16**  exceed the page limits that you all have requested.  But
**17**  just because the page limits can be exceeded doesn't mean
**18**  that they should or that they must be, so I would ask you to
**19**  be efficient in your briefing.
**20**          **MR. DOLIN:**  Judge, there's also a matter of -- and
**21**  this is through inadvertence on our part.  In one of the
**22**  exhibits attached to the PI motion, we -- we, I didn't know
**23**  there were e-mail addresses.  So we asked the courtroom
**24**  clerk to temporarily pull them from the docket, and then
**25**  we'll refile properly redacted documents to -- and I think

**1**  there's a motion pending -- it's a consent motion to strike
**2**  the initial exhibits, and order that new ones be submitted
**3**  to replace them.
**4**      **THE COURT:**  I hadn't noticed that, but we will
**5**  grant that motion to the extent that it's technically
**6**  feasible in the Clerk's Office.  So the ball is in your
**7**  court.  Just file a notice by -- why don't we say end of the
**8**  day tomorrow, if you can, so that we can wrap this up and
**9**  you folks can get on with the briefing if necessary.
**10**     All right, we're adjourned.
**11**    (Proceedings adjourned at 2:18 p.m.)
**12**
**13**
**14**
**15**
**16**
**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**
**25**

# C E R T I F I C A T E

I, **Jeff M. Hook, Official Court Reporter,** certify that the foregoing is a true and correct transcript of the record of proceedings in the above-entitled matter.

```
    July 25, 2023                          /s/ Jeff M. Hook
       DATE                                  Jeff M. Hook
```