UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HON. PAULINE NEWMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HON. KIMBERLY A. MOORE, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01334-CRC |

**DECLARATION OF JARRETT B. PERLOW**

I, Jarrett B. Perlow, do hereby swear under oath that the following is true to the best of my knowledge.

1. From the period of May 31, 2023, through the date of this declaration, I have served as the acting Clerk of Court and then Clerk of Court for the U.S. Court of Appeals for the Federal Circuit. Prior to that, from December 26, 2016, through May 30, 2023, I served as the Chief Deputy Clerk for the U.S. Court of Appeals for the Federal Circuit. Based on my experience at the Federal Circuit, I have extensive first-hand knowledge of the court's process for assigning and calendaring its cases; this declaration is based on that knowledge and information provided to me in the course of my official duties.

2. The Federal Circuit sits in session regularly each month of the year for one week at a time, also known as "court week." Court week typically falls in the first half of a given month. The panel and case assignments for each court week are determined two months before the given court week. For example, the court week in November is set two months earlier in September. There is a predefined planning cycle for each court week, and this planning process has been in existence at the Federal Circuit for some time.

3. The first stage of the process is judge availability. For any given court sitting, the judges first advise of their availability. This availability is for the court session to be held two months later. For example, judges advise of their availability to the Chief Judge's chambers no later than Friday of the September court week for a sitting in November. For the next several months, the court session weeks are scheduled to occur the weeks beginning on October 2, 2023, November 6, 2023, December 4, 2023, January 8, 2024, February 5, 2024, and March 4, 2024.

4. The week following court week, the calendaring clerk in the Clerk's Office runs a function in the court's panel calendaring system, which randomly assigns judges to panels based on their availability. The panels are sent back to the Chief Judge's chambers for comparison to the judges' submitted availability before finalization. In rare circumstances, the Chief Judge will ask the Clerk's Office to rerun the panel assignment generator to ensure a more equitable distribution of judges across panels. For example, if an active judge requested four days but only received one day and another active judge requested four days but received three days, the panel assignment generator may get rerun so that both judges are assigned to two days.

5. Once the panels are finalized, the calendaring clerk imports available cases into the court's panel calendaring system from the court's electronic case management system. The cases are then randomly assigned to the panels previously entered into the system, taking into account judge conflicts. The assignment of cases to panels, i.e., "calendaring," is completed by the 15th of the month. These are called "preliminary calendars" in the Federal Circuit. The same day that calendaring is completed, the judges sitting on panels for that session are provided with reports of their assigned cases so they can perform conflict screening.

6. Judges review their panel assignments for any conflicts. If conflicts are identified, the calendaring clerk will substitute that case with another random case from the list of cases ready for calendaring.

7. The preliminary calendars are distributed by the 21st of the month. At this stage, electronic and paper briefs are distributed and delivered to chambers and the judges, and their staff may begin preparing the cases. Public notices of argument dates are issued to counsel in the calendared cases and the calendar of scheduled cases is released to the public.

8. The term "preliminary calendar" is misleading in that is suggests the calendar may undergo additional substantive changes after the 21st of the month. This is not accurate. Because only six weeks typically exist between the preliminary calendar and court week, adjustments during this period occur only in the following situations so as to minimize issues that might disrupt the schedule: (a) substituting a judge on a single case due to a later-identified conflict; (b) rescheduling a case in response to a motion; or (c) removal of a case from the argument calendar either by motion or sua sponte decision of the panel. The specific cases and the panel compositions do not otherwise change after preliminary calendars are distributed, which, again, occurs by the 21st of the month.

9. Adjusting the panels after the preliminary calendar is released creates considerable disruption to the court. First, the judge added after the preliminary calendar date has less time to prepare for the argument than the other members of the panel do before the calendared date. Second, the judge who was removed from the case is not reassigned to another case and will likely have already invested time in preparing for argument on that case. Third, the court is diligent in maintaining an equal and randomized assignment of cases to the court's active judges. Changes to the calendar beyond the occasional conflict-substitution in a single case impacts the overall assignment distribution. Finally, any adjustment that would change when the case is scheduled adversely impacts counsel since they too have a limited window in which to prepare for argument and, in many cases, make travel arrangements to attend argument in Washington, D.C.

10. Under the Federal Circuit calendaring process described above, if a judge were to hear cases for a given month's court week, I and my staff at the clerk's office would need to know that information by no later than two months prior to the start of that particular court

week. Attempting to insert a judge into a given month's court week without the requisite two months' notice would, if feasible at all, cause severe disruption to the court, its judges and staff, and litigants in individual cases.

11.  On September 1, 2023, I reviewed the status of Judge Newman's outstanding opinions. Based on data in the Clerk's Office, Judge Newman currently has three outstanding judicial opinions, each of which she assigned to herself. These opinions have been pending for, respectively, 203, 235, and 332 days. The last of these is the oldest pending opinion at the Federal Circuit. I have also reviewed data regarding the four most recent judicial opinions that Judge Newman has issued. These opinions, which were all designated non-precedential under Federal Circuit Rule 32.1, took, respectively, 207, 288, 298, and 229 days for Judge Newman to issue—an average of 255.5 days.

DATED: September 1, 2023

*[signature]*
Jarrett B. Perlow