# Exhibit 4

# United States Court of Appeals for the Federal Circuit

Before the Judicial Council of the Federal Circuit

PER CURIAM.

## ORDER

On March 8, 2023, the Judicial Council voted unanimously to preclude the assignment of new cases to Judge Newman. In the course of the Judicial-Conduct and Judicial Disability proceedings, Judge Newman requested that she immediately be restored to the rotation of new case assignments. *See* May 25, 2023 Letter from G. Dolin to The Special Committee at 3. The Special Committee referred that request to the Judicial Council and construing it as a request for reconsideration, the Council reconsidered *de novo* whether Judge Newman should be precluded from receiving new case assignments.

By order of June 5, 2023, the Judicial Council, again acting under its statutory authority to "make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit," 28 U.S.C. § 332(d)(1), precluded Judge Newman from receiving new case assignments. The Council found that despite a substantial reduction in workload and no new cases for several months, Judge Newman continued to have a backlog of seven very old cases. Four of those were pro se submitted cases which the Council noted are "generally among the most expeditiously resolved." June 5, 2023 Order at 3. The Council concluded that "assigning additional cases to Judge Newman now will only interfere with her ability to clear her current backlog and exacerbate delays in her already long-delayed opinions." *Id.* at 4.

Judge Newman has now cleared her backlog: *Shamoon* (21-1813), a pro se submitted case, issued on August 8, 2023, after it had been pending for 207 days; *Universal Electronics* (21-1992) issued on August 18, 2023, after it has been pending for 288 days; *Universal Electronics* (21-2128) issued on August 28, 2023, after it had been pending 298 days; *USC IP Partnership* (22-1397) issued on August 30, 2023, after it had been pending 229 days; another opinion in a pro se submitted case, issued in November 2023, after it had been pending 266 days; and, *Watson* (22-2148), a pro se submitted case, issued on November 8, 2023, after it had been pending 303 days.

Because her final backlogged opinion issued on November 8, 2023, the Judicial Council *sua sponte* vacates the June 5 Order.[1]

Accordingly,

IT IS ORDERED THAT:

The Judicial Council's June 5, 2023 Order issued pursuant to § 332(d)(1) is vacated.

SO ORDERED: November 9, 2023.

---

[1] The Judicial Council's September 20, 2023 Order pursuant to the Judicial-Conduct and Judicial Disability procedures is not affected by this order.