IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HON. PAULINE NEWMAN,<br>Circuit Judge<br>United States Court of Appeals for the Federal Circuit,<br>                    *Plaintiff*,<br><br>        v.<br><br>THE HON. KIMBERLY A. MOORE,<br>in her official capacities as<br>Chief Judge of the U.S. Court of Appeals for the Federal Circuit,<br>Chair of the Judicial Council of the Federal Circuit, and<br>Chair of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>THE HON. SHARON PROST,<br>in her official capacity as<br>Member of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>THE HON. RICHARD G. TARANTO,<br>in his official capacity as<br>Member of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>and<br><br>THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT, AND ALL MEMBERS THEREOF,<br>                    *Defendants*. | NO. 1:23-CV-01334-CRC<br><br>**PLAINTIFF'S SUR-REPLY**<br><br>ORAL ARGUMENT REQUESTED |

On June 5, 2023, purportedly relying on authority granted by 28 U.S.C. § 332(d), Defendants issued an order indefinitely suspending Judge Newman from her duties as a federal judge.[1] Defendants claim that this order was not predicated on any misconduct and was issued solely to address Judge Newman's alleged delays in disposing of cases assigned to her. On November 9, 2023, by a new order, Defendants vacated the June 5 Order, and in their latest filing argued that the vacatur moots Judge Newman's challenge to the earlier order. *See* ECF 32, at 4-5. This sur-reply explains why Defendants' mootness argument must fail for two independent reasons. First, the November 9 Order entails merely voluntary cessation of the challenged activity, which is insufficient to moot the challenge. Second, the complained-of conduct fits into the "capable of repetition, yet evading review" exception to mootness.

## VOLUNTARY CESSATION OF CHALLENGED ACTIVITY DOES NOT MOOT THE CHALLENGE

It is axiomatic that "voluntary cessation of allegedly illegal conduct does not deprive a court of power to hear and determine the case." *Am. Bar Ass'n v. F.T.C.*, 636 F.3d 641, 648 (D.C. Cir. 2011) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). As the Supreme Court and the D.C. Circuit explained, "[v]oluntary cessation of challenged conduct moots a case, however, only if it is '*absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)) (emphasis in original). *See also id.* The "voluntary cessation" doctrine is at its apex when a party ceases challenged conduct simply to avoid an unfavorable judicial decision. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (noting that absent the doctrine, "a

---

[1] All arguments with respect to the June 5 Order apply, *mutatis mutandis*, with equal force to its predecessor "secret" March 8, 2023 Order. That Order, though never memorialized, also suspended Judge Newman from hearing cases. Defendants have advanced various and changing rationales for the validity of that Order. *Compare* ECF 15-1, at 12, *with id.*, at 121-26. To the extent this Court concludes, *pace* Chief Judge Moore's own contemporaneous statements on the subject, that the March 8 Order was issued under authority purportedly granted by 28 U.S.C. § 332(d), for the reasons that follow, it is also not moot.

1

defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends."). Finally, "[t]he 'heavy burden' of proving mootness falls 'with the party asserting a case is moot.'" *Maldonado v. D.C.*, 61 F.4th 1004, 1006 (D.C. Cir. 2023) (quoting *Honeywell International v. NRC*, 628 F.3d 568, 576 (D.C. Cir. 2010)).

The November 9 Order meets all the criteria for the application of the "voluntary cessation" doctrine. First, it is *far* from "absolutely clear" that the removal of Judge Newman's judicial functions at the hands of Defendants will not recur. To the contrary, throughout this litigation, Defendants have asserted that they have plenary power to remove Judge Newman's judicial function whenever, in their own view, such a removal would improve "expeditious administration of justice." *See* ECF 25, at 37-42 (arguing, *inter alia*, that § 332 "confer[s] almost unlimited power," and "places no restraint on the council at all.") (cleaned up); ECF 32, at 21-25. According to Defendants themselves, they claim to retain the power to suspend and un-suspend Judge Newman at their pleasure. And given that it is unlikely that Judge Newman's speed in issuing opinions will change—after all, it has not significantly changed in years, *see* Ron D. Katznelson, Ph.D., *Is There a Campaign to Silence Dissent at the Federal Circuit?* at 57, available at https://ssrn.com/abstract=4489143 (noting that Judge Newman's speed didn't change from 2018 to 2023)—it seems likely, and assuredly is not inconceivable given the course of conduct that Defendants will once again suspend Judge Newman by exercising their self-asserted powers under § 332. Defendants "'nowhere suggest[] that if this litigation is resolved in [their] favor [they] will not' reimpose [the suspension on Judge Newman]; indeed, [they] 'vigorously defend[]' the legality of such an approach. We do not dismiss a case as moot in such circumstances." *W. Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022) (quoting *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 719 (2007)).

Second, it appears that Defendants vacated the June 5 Order strategically and solely to avoid risking an unfavorable judicial decision. *See Already*, 568 U.S. at 91. The Federal Circuit has a well-established internal definition of what constitutes a "backlog." Under the Federal Circuit's Clerical Procedure ("CP") #3, ¶ 15, a "backlog" exists when a judge has "(1) four or more opinion assignments over six months old, or (2) two or more opinion assignments over a year old (*i.e.*, in which a draft has not been circulated to the panel for more than six months in four or more cases, or in more than one year in two or more cases after submission)." *See* ECF 15-1, at 156. According to the November 9, 2023 Order itself,[2] Judge Newman did not have a "backlog" (as defined by the Clerical Procedures) after August 28, 2023, *at the latest*. Yet, Defendants did not see fit to vacate the June 5 Order at that time. Nor did Defendants, at any point, indicate that the June 5 Order would be vacated once Judge Newman had issued some or all of her pending opinions. Instead, they argued that the June 5 Order will be "superseded" by the then-pending decision of the Judicial Council on the issue of Judge Newman's alleged misconduct. *See* ECF 25, at 37. Only after Judge Newman pointed out the legal deficiency of that untenable position, *see* ECF 30, at 9-13, did Defendants formally vacate the June 5 Order.[3]

The facts of this case require the application of the "voluntary cessation" doctrine.

### DEFENDANTS' ACTIONS ARE "CAPABLE OF REPETITION, YET EVADING REVIEW"

Both Supreme Court and D.C. Circuit "precedents recognize an exception to the mootness doctrine for a controversy that is "capable of repetition, yet evading review." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotations omitted). Both courts "have held that orders of less than two years'

---

[2] The Order overstates the number of days opinions were outstanding, because it appears to stop the count at *issuance*, rather than at the time that Judge Newman had circulated a draft opinion to the panel. The Order also appears to start the count before the cases were formally "submitted."

[3] One small but telling example of Defendants' merely acting in response to litigation is the fact that the November 9 Order bears no case number. This omission comes in direct response to Judge Newman's pointing out that "Defendants' claim of acting under authority of § 332 is hard to square with the very caption of the June 5 Order, which lists it as being part of the record of *In Re Complaint No. 23-90015*." ECF 30, at 10.

duration ordinarily evade review." *McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords. of Jud. Conf. of U.S.*, 264 F.3d 52, 55–56 (D.C. Cir. 2001) (internal quotations omitted). The June 5 Order "safely qualifies." *Id.*

This exception to the mootness doctrine applies where there exists "a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The expectation here is more than reasonable. As already indicated, it is highly unlikely that Judge Newman's speed of writing opinions (or her rate of dissents) will change after 40 years on the bench. And since Defendants claim that they were forced to issue the June 5 Order due to Judge Newman's alleged "inability to issue opinions in a timely fashion," ECF 15-1, at 123, it is quite reasonable to expect that if and when Judge Newman is restored to the bench following the resolution (in whatever forum) of the disability allegations against her, Defendants would again act to "preclude Judge Newman from receiving new case assignments." *Id.*

This case is meaningfully different from *McBryde*, where the D.C. Circuit concluded that the conduct complained of is not "capable of repetition," because it concluded that Judge McBryde was unlikely to again engage in behavior that led to the sanctions in the first place. *McBryde*, 264 F.3d at 56 (citing *Honig v. Doe*, 484 U.S. 305, 320 (1988)). But here, the exact opposite is true. Judge Newman *is* likely to continue writing opinions at the same pace she has always been writing them. And since Defendants seem to believe that this pace entitles them to suspend Judge Newman from the bench, their conduct is "capable of repetition." *See Honig*, 484 U.S. at 320 (holding that when a plaintiff is unable to conform her conduct to defendant's expectations, defendant's challenged actions that were taken in response to the plaintiff's conduct are "capable of repetition.").

## CONCLUSION

For the foregoing reasons, the Court should conclude that Judge Newman's challenge to the June 5 Order is not moot, and it should deny Defendants' motion to dismiss on that basis.

4

Respectfully submitted,

*/s/Gregory Dolin*
Gregory Dolin, MD
Senior Litigation Counsel

*/s/John J. Vecchione*
John J. Vecchione
Senior Litigation Counsel

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
greg.dolin@ncla.legal

*Counsel for Plaintiff*