# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HON. PAULINE NEWMAN, | |
|     Plaintiff, | Case No. 1:23-cv-01334-CRC |
| v. | |
| HON. KIMBERLY A. MOORE, *et al.*, | |
|     Defendants. | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SURREPLY

## INTRODUCTION

The circuit judges on the Federal Circuit have repeatedly chronicled Judge Newman's worsening delay in issuing opinions. Despite the fact that Judge Newman has not participated in motions panels—"a time consuming and required aspect of an active judge's workload"—since January 2021 and recently "sat on half the number of cases as her colleagues," she "has taken four times as long to issue half the number of opinions." Ex. B, September 20 Order at 4, 38–39, ECF No. 30-1. Eventually, on June 5, 2023, the Judicial Council suspended Judge Newman due to her "abnormally large backlog [of] cases and her apparent inability to issue opinions in a timely fashion." Ex. O, June 5 Order at 1. But "[d]espite having no new work for ten months," Judge Newman "took between 202 and 303 days to issue those seven back-logged opinions," most of which were *pro se* cases—"generally the most expeditiously resolved"—that she had assigned to herself. *See* Defs.' Reply at 4–5, ECF No. 32. Because she finally cleared her backlog, unrelated to this pending litigation, the Judicial Council vacated its June 5 Order the very next day. *See id.* (citing Ex. 4, November 9 Order, ECF No. 32-1).

Startlingly, Judge Newman now seeks to keep her June-5-related challenges alive by unapologetically proclaiming that, if she is assigned new cases, "it is unlikely that" her "speed in issuing opinions will change"—effectively acknowledging that she will continue to delay and impede the Federal Circuit's work. *See* Pl.'s Surreply at 2, 4, ECF No. 35. Those statements aside, everyone agrees that her claims attacking the June 5 Order are moot because there is nothing to enjoin. Defs.' Reply at 5; Pl.'s Surreply at 1. And while she now tries to salvage those claims with two exceptions to mootness, neither exception applies here.

## ARGUMENT

**I.  The voluntary-cessation exception is inapplicable both to Defendants (fellow federal judges) and to their actions unrelated to this litigation.**

The voluntary-cessation exception to mootness "prevents a private defendant from manipulating the judicial process by voluntarily ceasing the complained of activity, and then seeking a dismissal of the case, thus securing freedom to return to his old ways." *Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1227 (D.C. Cir. 2021) (citation omitted). But this case does

1

not have "private defendant[s]," *id.*; Defendants here are 11 circuit judges sued in their official capacities. *See* Am. Compl. ¶¶ 4–7, ECF No. 10. And it should go without saying that these federal judges are not "manipulating the judicial process." *Alaska*, 17 F.4th at 1227. The voluntary-cessation exception to mootness is therefore inapplicable.

The D.C. Circuit has expressed "serious doubts about whether the 'voluntary cessation' rationale applie[s] to cases" with federal defendants. *Id.* (executive agency); *Clarke v. United States*, 915 F.2d 699, 705 (D.C. Cir. 1990) (en banc) (Congress). That's because "it would seem inappropriate for the courts either to impute [ ] manipulative conduct to a coordinate branch of government, or to apply against that branch a doctrine that appears to rest on the likelihood of a manipulative purpose." *Alaska*, 17 F.4th at 1227 (citation omitted). Those concerns are only heightened when dealing with fellow members of the federal judiciary. After all, "judges are presumed to be impartial," *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010), and they "are called upon every day to put aside considerations not legally relevant to their decisions," *Hastings v. Jud. Conf. of U.S.*, 829 F.2d 91, 105 (D.C. Cir. 1987).

But even if the voluntary-cessation exception could be used against federal judges, "[t]he established law of this circuit is that [this] exception to mootness has no play when" the defendant "did not act in order to avoid litigation." *Alaska*, 17 F.4th at 1229. And there was only one reason the Judicial Council vacated its June 5 Order: Judge Newman's "final backlogged opinion issued on November 8, 2023." *See* Ex. 4, November 9 Order at 2. That has nothing to do with this collateral litigation. Contrary to Plaintiff's contentions, Defendants long ago foreshadowed that the June 5 Order could be vacated if Judge Newman cleared her backlog, and they explained why it made little sense to do so before that point. Defs.' Br. at 37 n.20, ECF No. 25; Defs.' Reply at 23 n.12. When it *was* vacated, Defendants did not simply claim mootness and evade the issue; they spent almost one third of their 29-page reply brief defending the merits of the June 5 Order. *See* Defs.' Reply at 21–29. So there is no hint that the Council vacated its order "in order to avoid litigation." *Alaska*, 17 F.4th at 1229.

## II. The capable-of-repetition-yet-evading-review exception does not apply.

"The capable-of-repetition doctrine applies only in exceptional situations." *Atlas Brew Works, LLC v. Barr*, 391 F. Supp. 3d 6, 14 (D.D.C. 2019) (Cooper, J.).  And a "challenged action evades review" only "if it is too short in duration to be fully litigated in the United States Supreme Court before it expires." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 321 (D.C. Cir. 2014).  But as Defendants repeatedly explained, review is not proper in this Court.  *See* Defs.' Br. at 24–28; Defs.' Reply at 14–20.  "Had [Plaintiff] acted with more alacrity, [s]he might have been able to" litigate the June 5 Order in an appropriate appellate tribunal—as little as one "level[] of review"—before her challenges were mooted.  *Ralls*, 758 F.3d at 323 (citing *Armstrong v. FAA*, 515 F.3d 1294, 1296 (D.C. Cir. 2008)).

But even in district court, Plaintiff "cannot credibly claim h[er] case 'evades review' when [s]he h[er]self has delayed its disposition."  *Armstrong*, 515 F.3d at 1296.  Judge Newman was aware of the Judicial Council's initial decision to preclude new case assignments as early as April 5, 2023.  *See* Defs.' Br. at 50–51.  And this case presents purely legal issues capable of expeditious resolution.  *Id.* at 54.  Because it was Plaintiff's own action—her decision to slowly litigate piecemeal motions in district court—that led to the mooting of her June-5-related challenges, she cannot now claim that her challenges evade review.

## III. Both mootness exceptions fail because a new suspension is entirely speculative.

Under both of Plaintiff's invoked exceptions to mootness, she must show that "there is a reasonable expectation" she "would be subjected to the same action again."  *In re Sealed Case*, 77 F.4th 815, 826 (D.C. Cir. 2023); *In re Al-Nashiri*, 47 F.4th 820, 825 (D.C. Cir. 2022) (voluntary-cessation exception is inapplicable if "(1) 'there is no reasonable expectation that the alleged violation will recur,' and (2) 'interim relief or events have completely or irrevocably eradicated the effects of the alleged violation'").  But that is simply not true here.

For starters, it is entirely unclear when Judge Newman will hear more cases.  Separate from the (now moot) June 5 Order—issued under the Judicial Council's § 332 authority—the Council has suspended Judge Newman under the Act for a renewable term of one year.  *See*

3

Ex. B, September 20 Order at 72–73.  While that suspension could be modified or rescinded if Judge Newman cooperates with the Special Committee, she has steadfastly refused to undergo non-invasive medical examinations that would take less than a day, even though the unanimous Judicial Council specifically determined that there was "overwhelming evidence of behavior by Judge Newman that provided a reasonable basis for concluding that she may suffer from a disability that renders her unable to discharge the duties of her office."  Defs.' Reply at 13 n.7 (quoting Ex. B, September 20 Order at 18–19).  So absent relief from the JC&D Committee or through this litigation—which should be rejected—she will not hear cases even if the June 5 Order were enjoined.  And without hearing cases, there is no possibility that Judge Newman could again fall behind on her work and elicit a suspension.

But even if Judge Newman could hear new cases, it is purely speculative whether any future suspension would mirror the June 5 Order.  It is unclear if or when Judge Newman would amass a new backlog.  *See McBryde v. Committee*, 264 F.3d 52, 56 (D.C. Cir. 2001) (in examining mootness, courts have "been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury."); *Atlas Brew Works*, 391 F. Supp. 3d at 22–23 (a case is "less suited to" a mootness exception where a plaintiff can control whether a future action "causes them any injury at all").  And even if Plaintiff's hypothetical future backlog necessitated action by the Judicial Council, there's no telling what form that action would take; it would be a new Judicial Council order based on new facts.  *See Alaska*, 17 F.4th at 1229 (no mootness exception where the court must "speculate about future actions by" others and "[t]he content of any future [action] is currently unknowable"); *Usher v. U.S Dep't of Just.*, 2023 WL 6796032, at *3 (D.D.C. Oct. 13, 2023) (no mootness exception where future action "would not duplicate or revive the dispute in this case").  The Court should therefore decline to apply either exception to mootness here.

## CONCLUSION

The June 5 Order is moot.  For that reason, and the reasons explained in Defendants' prior briefs, the Court should dismiss Plaintiff's complaint.

4

DATED:  December 13, 2023               Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        CHRISTOPHER R. HALL
                                        Assistant Director, Federal Programs Branch

                                        /s/ Stephen Ehrlich
                                        STEPHEN EHRLICH
                                        M. ANDREW ZEE
                                        Attorneys
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        Peter W. Rodino, Jr. Federal Building
                                        970 Broad Street, 7th Floor
                                        Newark, NJ 07102
                                        Phone:  (202) 305-9803
                                        Email:   stephen.ehrlich@usdoj.gov

                                        *Attorneys for Defendants*