IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HON. PAULINE NEWMAN,<br>Circuit Judge<br>United States Court of Appeals for the Federal Circuit,<br>　　　　　　　　　　*Plaintiff*,<br>　　v.<br><br>THE HON. KIMBERLY A. MOORE,<br>in her official capacities as<br>Chief Judge of the U.S. Court of Appeals for the Federal Circuit,<br>Chair of the Judicial Council of the Federal Circuit, and<br>Chair of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>THE HON. SHARON PROST,<br>in her official capacity as<br>Member of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>THE HON. RICHARD G. TARANTO,<br>in his official capacity as<br>Member of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>and<br><br>THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT, AND ALL MEMBERS THEREOF,<br>　　　　　　　　　　*Defendants*. | NO. 1:23-cv-01334-CRC<br><br>**REPLY TO DEFENDNATS' NOTICE (ECF 37)** |

　　　　Plaintiff, the Hon. Pauline Newman, submits this short reply to Defendants' Notice of January 30, 2024 (ECF37).

　　　　In their Notice, Defendants state "that the Judicial Council would need to 'take some action' for the suspension to *continue* beyond the one-year period stated on the face of the September 20 Order." ECF 37 at 1 (emphasis in original). While that may be true as a technical matter, on its face, the September 20 Order states that the Council fully intends to take such an action. In that Order,

the Judicial Council stated that the "renewable character" of the sanction is "*essential* to the purpose." Sept. 20 Order at 69 (emphasis added).  Thus, although some *pro forma* action may need to be taken by Defendants to formally extend the suspension, Defendants have admitted that they fully intend to do so.  *See also* ECF 36 at 4 ("[I]t is entirely unclear when Judge Newman will hear more cases … [A]bsent relief from the JC&D Committee or through this litigation … [Judge Newman] *will not* hear cases….") (emphasis added).

Accordingly, whether or not additional formal votes will be required or taken, Defendants' own actions and statements to this Court confirm that they do not expect or intend to permit Judge Newman to resume her judicial duties at any point.  This is a "a long-term disqualification from cases [which] by its practical effect, affect[s] an unconstitutional 'removal.'"  *McBryde v. Comm. to Rev. Cir. Council Conduct*, 264 F.3d 52, 67 n.5 (D.C. Cir. 2001).

Respectfully submitted,

*/s/ Gregory Dolin*
Gregory Dolin, MD
Senior Litigation Counsel

*/s/ John J. Vecchione*
John J. Vecchione
Senior Litigation Counsel

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
greg.dolin@ncla.legal

*Counsel for Plaintiff*