# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HON. PAULINE NEWMAN,<br>Circuit Judge<br>United States Court of Appeals for the Federal Circuit,<br>*Plaintiff*,<br><br>v.<br><br>THE HON. KIMBERLY A. MOORE,<br>in her official capacities as<br>Chief Judge of the U.S. Court of Appeals for the Federal Circuit,<br>Chair of the Judicial Council of the Federal Circuit, and<br>Chair of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>THE HON. SHARON PROST,<br>in her official capacity as<br>Member of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>THE HON. RICHARD G. TARANTO,<br>in his official capacity as<br>Member of the Special Committee of the Judicial Council of the Federal Circuit,<br><br>and<br><br>THE JUDICIAL COUNCIL OF THE FEDERAL CIRCUIT, AND ALL MEMBERS THEREOF,<br><br>*Defendants*. | NO. 1:23-CV-01334-CRC<br><br>**REPLY TO DEFENDANTS' NOTICE (ECF 40)** |

      Plaintiff, the Hon. Pauline Newman, submits this reply to Defendants' Notice of February 7, 2024 (ECF 40).

      Defendants notified the Court that on February 7, 2024, the Judicial Conduct and Disability Committee (JC&D) issued an order affirming the September 20, 2023 order of the Judicial Council of the Federal Circuit which subjected Plaintiff, the Hon. Pauline Newman, to a one-year renewable suspension. *See* ECF 40, Attch. 1.

Two matters are of note in the JC&D Order.

First, the JC&D explicitly held that the proceedings before the Judicial Council and before the JC&D itself "are administrative, and not judicial, in nature." *Id.* at 16 (quoting *In re: Complaint of Judicial Misconduct*, C.C.D. 09-01, pp 20-21 (Jud. Conf. Oct. 26, 2009)). This holding directly contradicts Defendants' claims in this court. *See* ECF 25 at 24-28 (arguing that Judicial Council proceedings are "judicial in nature" leaving this Court without original jurisdiction).

Second, consistent with prior practice, *see In re: Complaints of Judicial Misconduct or Disability*, No. 98–372–001 at 21 (Jud. Conf., Sept. 18, 1998) at 21, the JC&D declined to evaluate Judge Newman's constitutional claims, thus leaving these matters to properly constituted Article III courts.

*\*\*\**

In addition, Judge Newman wishes to bring to the Court's attention two other actions Defendants have taken against her in the past several weeks. First, it appears that sometime in January 2024, Judge Newman's chambers were removed from an "All Judges" email list, thus leaving Judge Newman without information regarding the activity of her own court. Second, the Judicial Council voted to deny Judge Newman's routine request to extend the term of service of one of her law clerks for several months. Based on the communication to Judge Newman (*see* Attch. A), it appears that the Judicial Council will not permit the hiring of any other staff. Thus, Defendants have not only suspended Judge Newman from hearing cases but are trying to preclude her from exercising judicial functions of any kind—and appear intent to do so going forward.

For all of these additional reasons, this Court should deny Defendants' motion to dismiss.

    Respectfully submitted,

    */s/ Gregory Dolin*
    Gregory Dolin, MD
    Senior Litigation Counsel

/s/*John J. Vecchione*
John J. Vecchione
Senior Litigation Counsel

NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
Telephone: (202) 869-5210
Facsimile: (202) 869-5238
greg.dolin@ncla.legal

*Counsel for Plaintiff*