UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HON. PAULINE NEWMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>HON. KIMBERLY A. MOORE, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-01334-CRC |

## ANSWER

Defendants hereby submit their Answer to Plaintiff's complaint. Am. Compl., ECF No. 10. Defendants note that all factual allegations in the complaint are relevant only to Plaintiff's as-applied challenges (Counts I–IV, VI, part of VII, X–XI), which this Court dismissed along with several of Plaintiff's facial challenges. *See Newman v. Moore*, --- F. Supp. 3d ---, 2024 WL 551836, at *1 (D.D.C. Feb. 12, 2024). The remaining counts (Counts V, part of VII, VIII–IX) are facial challenges to the Judicial Conduct and Disability Act of 1980. *See id.* at *11–18. None of Judge Newman's factual allegations are material to these remaining challenges, and Defendants therefore object to their continued inclusion in the complaint. *See* Fed. R. Civ. P. 12(f) (allowing the Court to strike any "immaterial" matters "on its own"). Nonetheless, for the sake of completeness, Defendants respond to Plaintiff's allegations. Defendants generally deny all allegations, except as specifically provided below. *See* Fed. R. Civ. P. 8(b)(3).

   1.    Denied.

   2.    Admitted.

   3.    Admitted.

1

4. Defendants deny that Chief Judge Moore is the chair of either the Federal Circuit's Judicial Council or the Special Committee, but admit that Chief Judge Moore presides over meetings of the Judicial Council, *see* 28 U.S.C. § 332(a)(1). Defendants further deny that Chief Judge Moore "initiated"—rather than "identified"—a complaint under Rule 5. The allegations of this paragraph are otherwise admitted.

5. Admitted.

6. Admitted.

7. The allegations of this paragraph are denied, except to admit that the Judicial Council of the Federal Circuit generally consists of all active-duty judges of the U.S. Court of Appeals for the Federal Circuit; is responsible for, *inter alia*, receiving and reviewing reports by Special Committees charged with investigating complaints of judicial misconduct and/or disability filed under the Judicial Conduct and Disability Act of 1980; and some of its authorities and processes are described in 28 U.S.C. §§ 332 and 352–54 and Rules 18–20 of the Rules for Judicial Conduct and Judicial Disability Proceedings.

8. The allegations of this paragraph are denied, except to admit that the Judicial Council generally consists of active judges of the Federal Circuit, and that judges who are the subject of an investigation under the Judicial Conduct and Disability Act are not permitted to serve upon a judicial council. *See* 28 U.S.C. § 359(a).

9. Admitted.

10. Admitted.

11. Defendants deny "[s]ince 1984, Judge Newman has continued to faithfully, diligently, and meticulously exercise the duties of her office, to recognition and acclaim. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny.

12. Defendants admit that Judge Newman has authored majority and dissenting opinions, voted on petitions for rehearing *en banc*, and joined in *en banc* decisions of the Court. The allegations of this paragraph are otherwise denied.

13. Defendants admit that Judge Newman is an active-status Circuit Judge who has authored hundreds of opinions, which included majority, concurring, and dissenting opinions. The allegations of this paragraph are otherwise denied.

14. Denied.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny.

16. Denied.

17. Defendants admit that Chief Judge Moore met with Judge Newman around early Mach 2023. The allegations of this paragraph are otherwise denied.

18. Admitted.

19. Defendants admit the March 24, 2023 Order was docketed on March 24, 2023. The allegations of this paragraph are otherwise denied.

20. Defendants admit that the March 24, 2023 Order states "[i]n the summer of 2021, Judge Newman, at the age of 94, was hospitalized after suffering a heart attack and having to undergo coronary stent surgery" and that between June 2021 and September 2021 Judge Newman sat on ten panels. Defendants lack knowledge or information sufficient to form a belief about the truth of the fourth sentence and therefore deny. The allegations of this paragraph are otherwise denied.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny.

22. Defendants admit that Judge Newman sat on ten panels from June 2021 to September 2021. The allegations of this paragraph are otherwise denied.

23. Defendants admit upon the issuance of the March 24, 2023 Order, Chief Judge Moore appointed a Special Committee consisting of herself, Circuit Judge Sharon Prost, and Circuit Judge Richard G. Taranto. The allegations of this paragraph are otherwise denied.

24. The allegations of this paragraph are denied, except to admit that Chief Judge Moore sent Judge Newman an email on April 5, 2023, copying all active circuit judges.

25. Defendants admit that Judge Newman has not been assigned to sit on any panels of the Court, starting with the April 2023 sitting, and that she has repeatedly requested to be assigned. The allegations of this paragraph are otherwise denied.

26. Defendants admit Chief Judge Moore issued an order on April 6, 2023. The allegations of this paragraph are otherwise denied.

27. Defendants admit the April 7, 2023 Order ordered Judge Newman to "undergo a neurological and complete neuro-psychological battery of tests to determine whether she suffers from a disability, and if so, its nature and extent." Ex. C at 1. Defendants admit the April 7, 2023 Order identified a qualified neurologist and neuropsychologist to perform the testing. *Id.* at 2. Defendants admit that the April 7, 2023 Order states "[b]ased on its investigation and direct observations of Judge Newman's behavior, the Committee has determined that there is a reasonable basis to conclude she might suffer from a disability that interferes with her ability to perform the responsibilities of her office." *Id.* at 1. Defendants admit the April 7, 2023 order provided Judge Newman three days (or the option of demonstrating good cause for failure to comply with this deadline) in which to indicate whether she would make herself available for the tests to be conducted at a later date. *Id.* at 2. The allegations of this paragraph are otherwise denied.

28. Defendants admit Chief Judge Moore issued an order on April 13, 2023. The allegations of this paragraph are otherwise denied.

29. Defendants admit that the Special Committee issued an order on April 17, 2023. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "the events this order alleged (*i.e.*, 'heart attack' and 'coronary stents') never transpired" and therefore deny. The allegations of this paragraph are otherwise denied.

30. Denied.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation Judge Newman's law clerk made an earlier request to Judge Newman

to seek alternative employment and therefore deny. The allegations of this paragraph are otherwise denied.

32. Defendants admit that Chief Judge Moore issued an order on April 20, 2023. The allegations of this paragraph are otherwise denied.

33. Defendants admit that on April 21, 2023 Mark Chenoweth sent a letter to Chief Judge Moore and copied Judges Prost and Taranto requesting immediate restoration of Judge Newman to the regular rotation on the Court's calendar and that the Chief Judge or the Special Committee request the Chief Justice of the United States transfer the investigation to a different judicial council. The allegations of this paragraph are otherwise denied.

34. Denied.

35. Defendants admit the April 21, 2023 letter sent to Chief Judge Moore and copying Judges Prost and Taranto contains the quoted language. The allegations of this paragraph are otherwise denied.

36. Defendants admit a redacted form of the March 24, 2023 Order and the April 13, 2023 Order were published on the Federal Circuit's website. The allegations of this paragraph are otherwise denied.

37. Defendants admit on May 3, 2023 the Special Committee issued two orders. The allegations of this paragraph are otherwise denied.

38. Defendants admit that the Special Committee issued an order on May 3, 2023 that ordered Judge Newman to undergo evaluation and testing by identified medical professionals. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that certain medical records "do not exist" or that certain events "have never occurred" and therefore deny. The allegations of this paragraph are otherwise denied.

39. Defendants admit the Special Committee's May 3, 2023 Order and the Judicial Council's May 3, 2023 Order denied without prejudice Judge Newman's request for the Chief Judge and/or the Judicial Council to request that the Chief Justice transfer the proceeding. The allegations of this paragraph are otherwise denied.

40. Defendants admit Federal Rule of Appellate Procedure 27(a)(3)(A) provides a response to a motion "must be filed within 10 days after service of the motion unless the court shortens or extends the time." Defendants admit Federal Rules of Civil Procedure 6(c) provides a written motion and notice of hearing must be served at least 14 days before the time specified for hearing absent certain exceptions. The allegations of this paragraph are otherwise denied.

41. Denied,

42. Defendants lack knowledge or information sufficient to form a belief about the propositions to which Judge Newman does or does not object and therefore deny. The allegations of this paragraph are otherwise denied.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of Judge Newman's intent and therefore deny. The allegations of this paragraph are otherwise denied.

44. Defendants admit the May 9, 2023 letter objected to the May 3, 2023 Order on alleged First Amendment grounds and requested "disclosure of materials as authorized by Rule 23(a)(7)." Ex. R at 3. Defendants admit that in the May 9, 2023 letter Judge Newman declined to provide the requested medical records and the letter stated "[t]he special committee has not explained why it believes that these records are relevant to its investigatory and deliberative processes. Given the medical data, it is unlikely to be able to do so." *Id.* at 4. Defendants admit the May 9, 2023 letter renewed the request for a transfer and Judge Newman's demand to be immediately restored to the case assignment calendar. *Id.* at 6. The allegations of this paragraph are otherwise denied.

45. Defendants deny Plaintiff's characterization of the May 3, 2023 Order as a "prior gag order." The allegations of this paragraph are otherwise admitted.

46. Defendants deny Plaintiff's characterization of the Special Committee as having "[n]evertheless" issued certain instructions to Judge Newman and her counsel. The allegations of this paragraph are otherwise admitted.

47. Defendants admit the May 16, 2023 Order ordered Judge Newman to undergo the identified evaluation and testing and participate in a video-taped interview. Defendants admit in the May 16, 2023 order the Special Committee denied Judge Newman's request for the Chief Judge and/or the Judicial Council to request that the Chief Justice transfer the proceeding. Defendants admit page 26 of the Special Committee's May 16, 2023 Order does not mention Judge Newman's due process objection to the Judicial Council's action. The allegations of this paragraph are otherwise denied.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny.

49. Admitted.

50. Defendants admit on May 20, 2023 Judge Newman made a written request for an extension of time to respond to the May 16, 2023 Orders until June 8, 2023, stating that one of her counsel, Gregory Dolin, was in Israel to attend a traditional Jewish baby-naming ceremony, there is a time difference between Israel and Washington, D.C., and Mr. Dolin had "an immovable deadline of May 31, 2023 to submit grades for over 100 students." Ex. S. Defendants admit on May 22, 2023 the Special Committee granted a partial extension. Ex. L at 4. The allegations of this paragraph are otherwise denied.

51. Defendants admit the quote appears in the cited May 25, 2023 letter. The allegations of this paragraph are otherwise denied.

52. Admitted.

53. Defendants admit the June 1, 2023 Order narrowed the focus of the Special Committee's further investigation "in light of the practical constraints that Judge Newman's refusal to cooperate places on the Committee's ability to proceed." Ex. N at 2. Defendants admit the June 1, 2023 Order states "the Committee's investigation will focus on the question of whether Judge Newman's refusal to cooperate with the Committee's investigation constitutes misconduct." *Id.* at 3. Defendants admit the June 1, 2023 Order permitted Judge Newman to "submit a brief limited to addressing the question whether Judge Newman's refusal

to undergo examinations, to provide medical records, and to sit for an interview with the Committee as described in the May 16, Order constitute misconduct and the appropriate remedy if the Committee were to make a finding of misconduct." *Id.* at 6. Defendants admit the June 1, 2023 Order scheduled oral argument on the matter for July 13, 2023. *Id.* The allegations of this paragraph are otherwise denied.

54. Defendants admit the Judicial Council issued an order on June 5, 2023. The allegations of this paragraph are otherwise denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants admit that the June 5 Order discusses the Judicial Council's March 8 decision to suspend Judge Newman from hearing cases, and that Judge Newman was not invited to participate in the March 8 Judicial Council meeting. Defendants deny the existence of meeting minutes for the March 8, 2023 meeting of the Judicial Council, and the allegation that "[t]here are several problems with this new claim." The allegations of this paragraph are otherwise denied.

59. Defendants deny the existence of meeting minutes for the March 8, 2023 meeting of the Judicial Council. The allegations of this paragraph are otherwise admitted.

60. Denied.

61. Admitted.

62. Admitted.

63. Defendants admit that *Military-Veterans Advocacy, Inc. v. Sec'y of Veterans Affairs*, No. 20-1537, had been pending for more than one year. Defendants admit that in that case the court requested additional briefing on the impact of Sergeant First Class Heath Robinson Honoring Our Promises to Address Comprehensive Toxics (PACT) Act of 2022 on the case and supplemental briefs were filed on September 14, 2022. Defendants admit the opinion in

that case was issued on March 22, 2023. The allegations of this paragraph are otherwise denied.

64. Defendants admit that *SAS Inst. v. World Programming Ltd.*, No. 21-1542, had been pending for more than a year. The allegations of this paragraph are otherwise denied.

65. Denied.

66. Denied.

67. Defendants admit the June 5, 2023 Order states the "Judicial Council concludes upon *de novo* consideration that Judge Newman is not expeditiously carrying out the work of the Court, that assigning her new cases will only further interfere with expeditious execution of the work of the Court, and that an order precluding Judge Newman from new case assignments is warranted." Ex. O at 4. The allegations of this paragraph are otherwise denied.

68. Defendants admit that Judge Newman did not vote on the June 5 Order. *See* 28 U.S.C. § 359(a). The allegations of this paragraph are otherwise denied.

69. Defendants admit that the June 5, 2023 Order states "[t]his action is warranted under the Council's statutory authority . . . 28 U.S.C. § 332(d)(1)." Ex. O. at 4–5. Defendants admit the June 5, 2023 Order states "[t]his is not a censure but rather a decision made for the effective and expeditious administration of the business of the court." Ex. O. at 5. The allegations of this paragraph are otherwise denied.

70. Denied.

71. Admitted.

72. Defendants admit on "March 22, 2023, Judge Newman issued an eighteen-page opinion for the Court in *Military-Veterans Advocacy Inc. v. Sec'y of Veterans Affairs*, 63 F.4th 935 (Fed. Cir. 2023). On March 6, 2023, Judge Newman delivered a seven-page dissenting opinion in *May v. McDonough*, 61 F.4th 963 (Fed. Cir. 2023). On March 31, 2023, Judge Newman filed a four-page dissenting opinion from the Court's opinion in *Roku Inc. v. Univ. Elecs., Inc.*, 63 F.4th 1319 (Fed. Cir. 2023), and on April 6, 2023, Judge Newman filed a fifteen-page

dissenting opinion in *SAS Inst. v. World Programming Ltd.*, 64 F.4th 1319 (Fed. Cir. 2023). Finally, on June 6, 2023, June [sic] Newman filed a twelve-page dissenting opinion in *Dep't of Transport. v. Eagle Peak Rock & Paving, Inc.*, [69 F.4th 1367] (Fed. Cir. 2023)." The allegations of this paragraph are otherwise denied.

73. Defendants admit Judge Newman joined the *en banc* portion of *Moore v. United States*, 66 F.4th 991 (Fed. Cir. 2023) and she participated in the poll to take up the matter *en banc*. The allegations of this paragraph are otherwise denied.

74. Defendants admit the first quote in this paragraph appears in Kimberly A. Moore, *Anniversaries and Observations*, 50 AIPLA Q. J. 521, 524-25 (2022), which was published in 2022. The allegations of this paragraph are otherwise denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. The Court dismissed Count I of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

81. The Court dismissed Count I of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

82. The Court dismissed Count I of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

83. The Court dismissed Count I of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

84. The Court dismissed Count I of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

85. The Court dismissed Count II of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

86. The Court dismissed Count II of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

87. The Court dismissed Count II of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

88. The Court dismissed Count II of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

89. The Court dismissed Count II of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

90. The Court dismissed Count III of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

91. The Court dismissed Count III of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

92. The Court dismissed Count III of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

93. The Court dismissed Count III of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

94. The Court dismissed Count III of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

95. The Court dismissed Count IV of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

96. The Court dismissed Count IV of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

97. The Court dismissed Count IV of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

98. The Court dismissed Count IV of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

99. The Court dismissed Count IV of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

100. This paragraph contains Plaintiff's repetition and incorporation of preceding paragraphs, to which no response is required. Defendants further restate their objection that none of Plaintiff's preceding factual allegations are material to the remaining facial challenges to the Judicial Conduct and Disability Act, including this Count. To the extent that a response is deemed required, Defendants' responses to those previous paragraphs are incorporated herein by reference.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. The Court dismissed Count VI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

107. The Court dismissed Count VI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

108. The Court dismissed Count VI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

109. The Court dismissed Count VI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

110. The Court dismissed Count VI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

111. This paragraph contains Plaintiff's repetition and incorporation of preceding paragraphs, to which no response is required. Defendants further restate their objection that none of Plaintiff's preceding factual allegations are material to the remaining facial challenges

to the Judicial Conduct and Disability Act, including this Count. To the extent that a response is deemed required, Defendants' responses to those previous paragraphs are incorporated herein by reference.

112. The Court dismissed in part Count VII of Plaintiff's Amended Complaint, including part of this allegation, and no response to that part is therefore required. *See Newman*, 2024 WL 551836, at *18. The remaining allegations of this paragraph are denied.

113. Denied.

114. Denied.

115. This paragraph contains Plaintiff's repetition and incorporation of preceding paragraphs, to which no response is required. Defendants further restate their objection that none of Plaintiff's preceding factual allegations are material to the remaining facial challenges to the Judicial Conduct and Disability Act, including this Count. To the extent that a response is deemed required, Defendants' responses to those previous paragraphs are incorporated herein by reference.

116. Admitted insofar as Plaintiff generally possesses Fourth Amendment rights.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. This paragraph contains Plaintiff's repetition and incorporation of preceding paragraphs, to which no response is required. Defendants further restate their objection that none of Plaintiff's preceding factual allegations are material to the remaining facial challenges to the Judicial Conduct and Disability Act, including this Count. To the extent that a response is deemed required, Defendants' responses to those previous paragraphs are incorporated herein by reference.

122. Admitted insofar as Plaintiff generally possesses Fourth Amendment rights.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. The Court dismissed Count X of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

128. The Court dismissed Count X of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

129. The Court dismissed Count X of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

130. The Court dismissed Count X of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

131. The Court dismissed Count XI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

132. The Court dismissed Count XI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

133. The Court dismissed Count XI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

134. The Court dismissed Count XI of Plaintiff's Amended Complaint, including this allegation, and no response is therefore required. *See Newman*, 2024 WL 551836, at *18.

The remaining allegations following the numbered paragraphs constitute Plaintiff's requests for relief and jury demand, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the requested relief or any other relief and deny that there are any issues triable to a jury.

The section headings used in Plaintiff's complaint are Plaintiff's characterizations of her allegations and claims to which no response is required, but to the extent a response is deemed required, those headings are denied.

DATED:  March 8, 2024				Respectfully submitted,

						BRIAN M. BOYNTON
						Principal Deputy Assistant Attorney General

						CHRISTOPHER R. HALL
						Assistant Director, Federal Programs Branch

						<u>/s/ Stephen Ehrlich</u>
						STEPHEN EHRLICH
						M. ANDREW ZEE
						Attorneys
						U.S. Department of Justice
						Civil Division, Federal Programs Branch
						Peter W. Rodino, Jr. Federal Building
						970 Broad Street, 7th Floor
						Newark, NJ 07102
						Phone: (202) 305-9803
						Email: stephen.ehrlich@usdoj.gov

						*Attorneys for Defendants*